1  JORDAN S. ALTURA  (SBN:  209431)
   jaltura@grsm.com
2  REBECCA A. HULL  (SBN:  99802)
   rhull@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone:  (415) 986-5900
5  Facsimile:  (415) 986-8054

6  Attorneys for Defendant
   STANDARD INSURANCE COMPANY
7

8  ROBERT J. ROSATI (SBN: 112006)
   robert@erisalg.com
9  RAQUEL M. BUSANI  (SBN: 323162)
   raquel@erisalg.com
10 6485 North Palm Avenue, Ste.105
   Fresno, California 93704
11 Telephone: 559-478-4119
   Telefax: 559-478-5939
12

13 Attorneys for Plaintiff
   JANET SECCO
14

15

16                    UNITED STATES DISTRICT COURT

                     EASTERN DISTRICT OF CALIFORNIA
17

18 JANET SECCO,                          )  CASE NO. 2:20-cv-00426-KJM-CKD
                                         )
19          Plaintiff,                   )  **STIPULATED PROTECTIVE**
                                         )  **ORDER**
20      vs.                              )
                                         )
21 THE STANDARD INSURANCE COMPANY,       )  **DISCOVERY MATTER**
                                         )
22          Defendant                    )
                                         )
23

24

25

26

27

28

                                     -1-            Case No. 2:20-cv-00426-KJM-CKD
                         STIPULATED PROTECTIVE ORDER

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1.   A.   PURPOSES AND LIMITATIONS

The proposed discovery in this action includes plaintiff Janet Secco's intent to seek production of confidential, proprietary, or private information, which The Standard Insurance Company ("Standard") contends is entitled to special protection from public disclosure and from use for any purpose other than prosecuting this litigation.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rules 140 and 141 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal and/or redact material as to which confidentiality is asserted.

B.   GOOD CAUSE STATEMENT

Discovery activity in this action are likely to involve production of confidential, proprietary, or private information of Standard, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. It is expected that the discovery may include certain confidential and proprietary business information and documents from Standard. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.   DEFINITION

2.1   Action:  the above captioned pending federal law suit.

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of

-2-          Case No. 2:20-cv-00426-KJM-CKD

STIPULATED PROTECTIVE ORDER

1   information or items under this Order.

2         2.3     "CONFIDENTIAL" Information or Items:  Information (regardless of

3   how it is generated, stored or maintained) or tangible things that qualify for protection under

4   Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

5         2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as their

6   support staff).

7         2.5     Designating Party:  a Party or Non-Party that designates information or

8   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

9         2.6     Disclosure or Discovery Material:  all items or information, regardless of

10   the medium or manner in which it is generated, stored, or maintained (including, among other

11   things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

12   or responses to discovery in this matter.

13         2.7     Expert:  a person with specialized knowledge or experience in a matter

14   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

15   witness or as a consultant in this Action.

16         2.8     House Counsel:  attorneys who are employees of a party to this Action.

17   House Counsel does not include Outside Counsel of Record or any other outside counsel.

18         2.9      Non-Party:  any natural person, partnership, corporation, association, or

19   other legal entity not named as a Party to this action.

20         2.10    Outside Counsel of Record:  attorneys who are not employees of a party to

21   this Action but are retained to represent or advise a party to this Action and have appeared in this

22   Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that

23   party, including support staff.

24         2.11    Party:  any party to this Action, including all of its officers, directors,

25   employees, consultants, retained experts, and Outside Counsel of Record (and their support

26   staffs).

27         2.12    Producing Party:  a Party or Non-Party that produces Disclosure or

28   Discovery Material in this Action.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    2.13    Professional Vendors:  persons or entities that provide litigation support

2  services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

3  organizing, storing, or retrieving data in any form or medium) and their employees and

4  subcontractors.

5    2.14    Protected Material:  any Disclosure or Discovery Material that is

6  designated as "CONFIDENTIAL."

7    2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material

8  from a Producing Party.

9    3.    SCOPE

10    The protections conferred by this Stipulation and Order cover not only Protected Material

11  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

12  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

13  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

14    Any use of Protected Material at trial shall be governed by the orders of the trial judge.

15  This Order does not govern the use of Protected Material at trial.

16    4.    DURATION

17    Once a case proceeds to trial, all of the information that was designated as confidential or

18  maintained pursuant to this protective order becomes public and will be presumptively available

19  to all members of the public, including the press, unless compelling reasons supported by

20  specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.

21  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006)

22  (distinguishing "good cause" showing for sealing documents produced in discovery from

23  "compelling reasons" standard when merits-related documents are part of court record).

24  Accordingly, the terms of this protective order do not extend beyond the commencement of trial.

25    5.    DESIGNATING PROTECTED MATERIAL

26    5.1    Exercise of Restraint and Care in Designating Material for Protection.

27  Each Party or Non-Party that designates information or items for protection under this Order

28  must take care to limit any such designation to specific material that qualifies under the

-4-    Case No. 2:20-cv-00426-KJM-CKD

STIPULATED PROTECTIVE ORDER

1    appropriate standards. The Designating Party must designate for protection only those parts of

2    material, documents, items, or oral or written communications that qualify so that other portions

3    of the material, documents, items, or communications for which protection is not warranted are

4    not swept unjustifiably within the ambit of this Order.

5              Mass, indiscriminate, or routinized designations are prohibited. Designations that

6    are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

7    unnecessarily encumber the case development process or to impose unnecessary expenses and

8    burdens on other parties) may expose the Designating Party to sanctions.

9              If it comes to a Designating Party's attention that information or items that it

10   designated for protection do not qualify for protection, that Designating Party must promptly

11   notify all other Parties that it is withdrawing the inapplicable designation.

12             5.2     Manner and Timing of Designations. Except as otherwise provided in this

13   Order (*see*, *e.g*., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

14   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

15   designated before the material is disclosed or produced.  The parties hereby stipulate and agree

16   that all of Plaintiff's health information, including all diagnosis, shall be automatically

17   designated as confidential notwithstanding any marking of the document confidential. This

18   includes, but is not limited to, any mention of Plaintiff's private health information.

19             Designation in conformity with this Order requires:

20             (a)     for information in documentary form (*e.g*., paper or electronic documents,

21   but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

22   Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL

23   legend"), to each page that contains protected material. If only a portion or portions of the

24   material on a page qualifies for protection, the Producing Party also must clearly identify the

25   protected portion(s) (*e.g*., by making appropriate markings in the margins).

26             A Party or Non-Party that makes original documents available for inspection need

27   not designate them for protection until after the inspecting Party has indicated which documents

28   it would like copied and produced. During the inspection and before the designation, all of the

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

2  Party has identified the documents it wants copied and produced, the Producing Party must

3  determine which documents, or portions thereof, qualify for protection under this Order. Then,

4  before producing the specified documents, the Producing Party must affix the

5  "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or

6  portions of the material on a page qualifies for protection, the Producing Party also must clearly

7  identify the protected portion(s) (*e.g.*, by making appropriate markings on the document).

8    (b)    for testimony given in depositions that the Designating Party identify the

9  Disclosure or Discovery Material on the record, before the close of the deposition.

10    (c)    for information produced in some form other than documentary and for

11  any other tangible items, that the Producing Party affix in a prominent place on the exterior of

12  the container or containers in which the information is stored the legend "CONFIDENTIAL." If

13  only a portion or portions of the information warrants protection, the Producing Party, to the

14  extent practicable, shall identify the protected portion(s).

15    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

16  failure to designate qualified information or items does not, standing alone, waive the

17  Designating Party's right to secure protection under this Order for such material. Upon timely

18  correction of a designation, the Receiving Party must make reasonable efforts to assure that the

19  material is treated in accordance with the provisions of this Order.

20    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

21    6.1    Timing of Challenges. Any Party or Non-Party may challenge a

22  designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

23    6.2    Meet and Confer. The Challenging Party shall initiate the Court's

24  discovery dispute resolution process and reference this protective order in its notice.

25    6.3    Burden. The burden of persuasion in any such challenge proceeding shall

26  be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

27  to harass or impose unnecessary expenses and burdens on other parties) may expose the

28  Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   confidentiality designation, all parties shall continue to afford the material in question the level

2   of protection to which it is entitled under the Producing Party's designation until the Court rules

3   on the challenge.

4          7.     ACCESS TO AND USE OF PROTECTED MATERIAL

5          7.1    Basic Principles. A Receiving Party may use Protected Material that is

6   disclosed or produced by another Party or by a Non-Party in connection with this Action only for

7   prosecuting, defending, or attempting to settle this Action. Such Protected Material may be

8   disclosed only to the categories of persons and under the conditions described in this Order.

9   When the Action has been terminated, a Receiving Party must comply with the provisions of

10  section 13 below (FINAL DISPOSITION).

11        Protected Material must be stored and maintained by a Receiving Party at a

12  location and in a secure manner that ensures that access is limited to the persons authorized

13  under this Order.

14        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

15  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

16  disclose any information or item designated "CONFIDENTIAL" only to:

17        (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as

18  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

19  information for this Action;

20        (b)    the officers, directors, and employees (including House Counsel) of the

21  Receiving Party to whom disclosure is reasonably necessary for this Action;

22        (c)    Experts (as defined in this Order) of the Receiving Party to whom

23  disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment

24  and Agreement to Be Bound" (Exhibit A hereto);

25        (d)    the Court and its personnel;

26        (e)    court reporters and their staff;

27        (f)    professional jury or trial consultants, mock jurors, and Professional

28  Vendors to whom disclosure is reasonably necessary for this Action and who have signed the

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto);

2          (g)     the author or recipient of a document containing the information or a

3  custodian or other person who otherwise possessed or knew the information;

4          (h)     during their depositions, witnesses, and attorneys for witnesses, in the

5  Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that

6  the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep

7  any confidential information unless they sign the "Acknowledgment and Agreement to Be

8  Bound" (Exhibit A hereto), unless otherwise agreed by the Designating Party or ordered by the

9  Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

10  Material may be separately bound by the court reporter and may not be disclosed to anyone

11  except as permitted under this Stipulated Protective Order; and

12          (i)     any mediator or settlement officer, and their supporting personnel,

13  mutually agreed upon by any of the parties engaged in settlement discussions.

14      8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

15  OTHER LITIGATION

16      If a Party is served with a subpoena or a court order issued in other litigation that compels

17  disclosure of any information or items designated in this Action as "CONFIDENTIAL," that

18  Party must:

19      (a)     promptly notify in writing the Designating Party. Such notification shall include a

20  copy of the subpoena or court order;

21      (b)     promptly notify in writing the party who caused the subpoena or order to issue in

22  the other litigation that some or all of the material covered by the subpoena or order is subject to

23  this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

24  and

25      (c)     cooperate with respect to all reasonable procedures sought to be pursued by the

26  Designating Party whose Protected Material may be affected.

27      If the Designating Party timely seeks a protective order, the Party served with the

28  subpoena or court order shall not produce any information designated in this action as

-8-          Case No. 2:20-cv-00426-KJM-CKD

STIPULATED PROTECTIVE ORDER

1   "CONFIDENTIAL" before a determination by the court from which the subpoena or order

2   issued, unless the Party has obtained the Designating Party's permission. The Designating Party

3   shall bear the burden and expense of seeking protection in that court of its confidential material

4   and nothing in these provisions should be construed as authorizing or encouraging a Receiving

5   Party in this Action to disobey a lawful directive from another court.

6          9.          A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

7   IN THIS LITIGATION

8          (a)          The terms of this Order are applicable to information produced by a Non-Party in

9   this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

10  connection with this litigation is protected by the remedies and relief provided by this Order.

11  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

12  additional protections.

13         (b)          In the event that a Party is required, by a valid discovery request, to produce a

14  Non-Party's confidential information in its possession, and the Party is subject to an agreement

15  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

16         (1)          promptly notify in writing the Requesting Party and the Non-Party that some or

17  all of the information requested is subject to a confidentiality agreement with a Non-Party;

18         (2)          promptly provide the Non-Party with a copy of the Stipulated Protective Order in

19  this Action, the relevant discovery request(s), and a reasonably specific description of the

20  information requested; and

21         (3)          make the information requested available for inspection by the Non-Party, if

22  requested.

23         (c)          If the Non-Party fails to seek a protective order from this Court within 14 days of

24  receiving the notice and accompanying information, the Receiving Party may produce the Non-

25  Party's confidential information responsive to the discovery request. If the Non-Party timely

26  seeks a protective order, the Receiving Party shall not produce any information in its possession

27  or control that is subject to the confidentiality agreement with the Non-Party before a

28  determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-9-          Case No. 2:20-cv-00426-KJM-CKD

STIPULATED PROTECTIVE ORDER

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   burden and expense of seeking protection in this Court of its Protected Material.

2        10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

4   Material to any person or in any circumstance not authorized under this Stipulated Protective

5   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

6   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

7   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

8   made of all the terms of this Order, and (d) request such person or persons to execute the

9   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10       11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

11  PROTECTED MATERIAL

12       When a Producing Party gives notice to Receiving Parties that certain inadvertently

13  produced material is subject to a claim of privilege or other protection, the obligations of the

14  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

15  provision is not intended to modify whatever procedure may be established in an e-discovery

16  order that provides for production without prior privilege review. Pursuant to Federal Rule of

17  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

18  communication or information covered by the attorney-client privilege or work product

19  protection, the parties may incorporate their agreement in the stipulated protective order

20  submitted to the Court.

21       12.     MISCELLANEOUS

22       12.1    Right to Further Relief. Nothing in this Order abridges the right of any

23  person to seek its modification by the Court in the future.

24       12.2    Right to Assert Other Objections. By stipulating to the entry of this

25  Protective Order, no Party waives any right it otherwise would have to object to disclosing or

26  producing any information or item on any ground not addressed in this Stipulated Protective

27  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

28  the material covered by this Protective Order.

-10-     Case No. 2:20-cv-00426-KJM-CKD

STIPULATED PROTECTIVE ORDER

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    12.3    Filing Protected Material. A Party that seeks to file under seal any

2  Protected Material must comply with Local Rules 140 and 141. Protected Material may only be

3  filed under seal pursuant to a court order authorizing the sealing of the specific Protected

4  Material at issue. If a Party's request to file Protected Material under seal is denied by the Court,

5  then the Receiving Party may file the information in the public record unless otherwise instructed

6  by the Court.

7    13.    FINAL DISPOSITION

8    After the Final Disposition of this Action, as defined in paragraph 4, within 60 days of a

9  written request by the Designating Party, each Receiving Party must return all Protected Material

10  to the Producing Party or destroy such material. As used in this subdivision, "all Protected

11  Material" includes all copies, abstracts, compilations, summaries, and any other format

12  reproducing or capturing any of the Protected Material. Whether the Protected Material is

13  returned or destroyed, the Receiving Party must submit a written certification to the Producing

14  Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that

15  (1) identifies (by category, where appropriate) all the Protected Material that was returned or

16  destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

17  compilations, summaries or any other format reproducing or capturing any of the Protected

18  Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all

19  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

20  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

21  consultant and expert work product, even if such materials contain Protected Material. Any such

22  archival copies that contain or constitute Protected Material remain subject to this Protective

23  Order as set forth in Section 4 (DURATION).

24    14.    Any violation of this Order may be punished by any and all appropriate measures

25  including, without limitation, contempt proceedings and/or monetary sanctions.

26  ///

27  ///

28  ///

1    IT IS SO STIPULATED BY THE UNDERSIGNED PARTIES, THROUGH THEIR

2  RESPECTIVE COUNSEL OF RECORD.

3

4  Dated:  June 25, 2020            */s/ Raquel M. Busani* (as authorized on 6.25.20)
                                                Robert J. Rosati
5                                                Raquel M Busani
                                          Attorney for Plaintiff
6                                          JANET SECCO

7
   Dated:  June 25, 2020            GORDON REES SCULLY MANSUKHANI, LLP
8

9
                                          By  */s/ Rebecca A. Hull*
10                                               Jordan S. Altura
                                                Rebecca A. Hull
11                                         Attorneys for Defendant
                                          STANDARD INSURANCE COMPANY
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-12-          Case No. 2:20-cv-00426-KJM-CKD
STIPULATED PROTECTIVE ORDER

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    **ORDER**

2        IT IS SO ORDERED, with the following amendments and clarifications:

3        1.    The parties shall comply with the provisions and procedures of Local Rules 140

4    and 141 with respect to sealing or redaction requests.  To the extent that the parties' stipulation

5    conflicts with the Local Rules, the Local Rules shall govern.

6        2.    Prior to filing any motion related to this stipulated protective order or other

7    discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise

8    comply with Local Rule 251.

9        3.    Nothing in this order limits the testimony of parties or non-parties, or the use of

10    certain documents, at any court hearing or trial—such determinations will only be made by the

11    court at the hearing or trial, or upon an appropriate motion.

12        4.    Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over

13    enforcement of the terms of this stipulated protective order after the action is terminated.

14

15    Dated:  July 13, 2020

16    _____
      CAROLYN K. DELANEY
17    UNITED STATES MAGISTRATE JUDGE

18

19

20    17.426.spo

21

22

23

24

25

26

27

28

-13-        Case No. 2:20-cv-00426-KJM-CKD
STIPULATED PROTECTIVE ORDER

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued on _____, 2020 in the case of *Janet*

*Secco v. The Standard Insurance Company*, U.S. District Court for the Eastern District of

Sacramento, Case No. 2:20-cv-00426-KJM-CKD.  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____